ORIGINAL

FILED
U S DIST COURT
BRUNSWICK DIV.

2002 OCT -1  P 4: 04

CLERK _L LaVictoire_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EARL COLEMAN, as administrator of the
Estate of ROSHANA COLEMAN and as
Guardian of EMANI COLEMAN,

    Plaintiff,

vs.

COOPER TIRE & RUBBER COMPANY,
and PABLO A. TAVAREZ,

    Defendants.

CIVIL ACTION NO.: CV202-036

## ORDER

On August 23, 2002, Plaintiff's attorney deposed Rita Feczer, a chemist at Defendant Cooper Tire and Rubber Company's ("Defendant Cooper") facility in Findlay, Ohio. During the deposition, Feczer was asked to divulge Defendant Cooper's rubber compound formulas. Defendant Cooper's attorney advised Feczer not to answer the questions involving the formulas. Defendant Cooper has filed a motion for a protective order to prevent the disclosure of the chemical formulas used to create their tires. According to the Federal Rule of Civil Procedure, a court:

> . . . may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way;

Fed. R. Civ. P. 26(c)(7)

AO 72A
(Rev 8/82)

57

A three-prong test has developed to determine whether to protect information that is arguably a trade secret. Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering and Const. Co., 153 F.R.D. 686, 688 (M.D. Fla. 1994); See Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325 (10th Cir. 1981)(illustrating first prong); Hartley Pen Co. v. United States Dist. Court for So. Dist. of California, Cent. Div., 287 F.2d 324, 331 (9th Cir. 1961) (showing second prong). First, the moving party must show that the information is confidential and that the disclosure would be harmful. Kaiser Aluminum, 153 F.R.D. at 688. The burden then shifts to the non-moving party to establish that discovery is relevant and necessary to the action. Id. Thereafter, it is the district court's task to balance the conflicting needs of the parties. Id.

In this case, the evidence is overwhelming that Defendant Cooper's chemical formulas are trade secrets and that it would be harmful to Defendant Cooper if these formulas were published. Plaintiff has submitted the affidavit of Dennis Carlson. In this five paragraph affidavit, Carlson states these formulas are relevant and necessary because:

> A review of the compound formulations will allow a party to determine factors concerning the performance of skim stock rubber in a tire. One example of a factor which would affect tire performance is the amount and type of anti-degradents used in the compound. Another in (sic) the amount of free sulfur as well as the type of rubber and additives used to either charge the processing characteristics on adhesion enhancers.

(Pl's. Resp., Ex. A, Carlson Aff.)

However, in depositions from other cases, Carlson testified that the chemical formulas were not a factor used in his analysis of the tire failure. (Griego and Tooke v. Ford Motor Co. Dep., Ex. C., at 92-93.) Furthermore, Plaintiff has not shown that these trade secrets will be properly safeguarded, as Carlson has been sanctioned by this court because of the

disclosure of confidential information. See Nevil v. Ford Motor Co., No. CV 294-15, 1999 WL 1338625 (S.D. Ga. 1999). Finally, the undersigned finds Lyle Campbell's detailed affidavit explaining why the disclosure of these tire formulas are not relevant and necessary more persuasive than Carlson's affidavit. (Def's. Am. Br., Ex. A, Campbell Aff.)

## CONCLUSION

For the reasons stated above, Defendant Cooper's Motion for Protective Order is **GRANTED**. Defendant Cooper is not required to produce formulas for its rubber compounds.

So **ORDERED**, this ___1st___ day of October, 2002.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
Southern District of Georgia

```
Case Number:   2:02-cv-00036
Date Served:   October 1, 2002
Served By:     Nancy Y. Sutlive
```

Attorneys Served:

Charles W. Bell, Esq.
Robert Bartley Turner, Esq.
Ashleigh Ruth Madison, Esq.
Bruce R. Kaster, Esq.
W. Wray Eckl, Esq.
George W. Brinson, Esq.
Wallace E. Harrell, Esq.
David A. Dial, Esq.
Melanie C. Eyre, Esq.
Douglas K. Walker, Esq.
Steven E. Scheer, Esq.

✓ Copy placed in Minutes
___ Copy given to Judge
✓ Copy given to Magistrate